*957 memorandum: The proof of defendant’s guilt is clear and convincing. The finding of guilt under the second count in the indictment is not affected by the alleged errors respecting the first and third counts in the indictment. The claims of error with respect to the conviction under the first and third counts do not affect any substantial right of appellant, may not be deemed prejudicial, and may be disregarded, particularly since appellant’s guilt is palpable and convincingly established in this record, under section 542 of the Code of Criminal Procedure. Adel, J., dissents and votes to reverse the judgment as to all three counts and to order a new trial, with the following memorandum: There is evidence in the record from which it might be found that the witness Balog violated section 2051 of the Penal Law. The jury could find from the facts proved and the reasonable inferences to be: drawn therefrom that what he did was doné with intent to assist in the perpetration of the crime. It could be found that he was an accomplice, in which event there would be a requirement for corroboration of his testimony. It was not error to refuse to charge that Balog, as a matter of law, was an accomplice; but it should have been charged that if the jury found as a fact that he was an accomplice, then there must be such other evidence as would tend to connect the defendant with the commission of the crimes charged in the first and third counts of the indictment before there could be convictions thereunder. The conviction on the charge set forth in the second count of the indictment does not necessarily depend upon the testimony of the alleged accomplice, but it cannot be determined what weight the jury might have given to the evidence relating to this count if, in respect of the first and third counts, the jury had been properly instructed as to what constitutes an accomplice and the need for corroboration of the testimony of such a witness. In the interest of justice, therefore, there should be a new trial as to this count in the indictment. Sneed, J., dissents and votes to reverse the judgement as to all three counts and to grant a new trial for the reasons stated by Adel, J., with the following additional memorandum: The question of whether or not Balog was an accomplice was one which should have been submitted to the jury; and it was error not to do so. The record shows enough “ to justify the inference that ” Balog “ has counseled or induced or encouraged the crime” (People v. Swersky, 216 N. Y. 471, 476).